

December 11, 2019

*VIA USPS CERTIFIED MAIL AND EMAIL*

Honorable Charlie Collicutt
Guilford County Director of Elections
PO Box 3427
Greensboro, North Carolina 27402

Honorable Karen Brinson Bell
Executive Director, North Carolina State Board of Elections
430 N. Salisbury St.
6400 MSC
Raleigh, North Carolina 27603

**Re: Statutory Notice of Violations of 52 U.S.C. § 20507 in Guilford County**

Dear Mr. Collicutt and Executive Director Bell:

I write as legal counsel for Judicial Watch, Inc. ("Judicial Watch"). This letter is to bring to your attention violations of Section 8 of the National Voter Registration Act ("NVRA") committed in Guilford County (the "County"). Mr. Collicutt, as the Director of Elections of the County Board of Elections, is receiving this letter because he and the Board are responsible under State law for maintaining accurate and current voter lists.[1] Executive Director Bell, as chief state elections official of North Carolina ("the State"), is receiving this letter because her office is charged with coordinating State responsibilities under the NVRA.[2]

This letter serves as official statutory notice under 52 U.S.C. § 20510(b)(1) & (2) that Judicial Watch will bring a lawsuit against you if these violations are not corrected within 90 days. Section 8(a)(4) of the NVRA requires states to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters" by reason of death or change of address. 52 U.S.C. § 20507(a)(4). In order to ensure that states and counties are complying with these requirements, Congress provided a public inspection provision, which requires all records concerning the accuracy and currency of the voter registration list to be disclosed. 52 U.S.C. § 20507(i).

The following explains how we determined that Section 8 has been violated and the remedial steps that must be taken to comply with federal law.

---

[1] N.C. Gen. Stat. §§ 163-82.14, 163-35.

[2] *See* 52 U.S.C. § 20509; N.C. Gen. Stat. § 163-82.2.

425 Third St. SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: rpopper@JudicialWatch.org • www.JudicialWatch.org

Judicial Watch examines a number of metrics in order to assess whether a jurisdiction is conducting a general program that makes a reasonable effort to remove ineligible registrants from its voter rolls.  To begin with, Judicial Watch determines each jurisdiction's registration rate.  States must report detailed registration data every other year to the U.S. Election Assistance Commission (EAC).[3]  Judicial Watch hires experts to compare this data to the citizen voting-age population in each state and county where data is available.[4]  An unusually high registration rate suggests that a jurisdiction is not removing voters who have died or who have moved elsewhere, as required by 52 U.S.C. § 20507(a)(4).  Federal courts adjudicating NVRA claims have acknowledged the significance of high registration rates.  *See Am. Civ. Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 793 (W.D. Tex. 2015); *Voter Integrity Project NC, Inc. v. Wake Cnty. Bd. of Elections*, 301 F. Supp. 3d 612, 618 (E.D.N.C. 2017).

Judicial Watch also examines the number of inactive registrations in each jurisdiction.  Voter registrations are subject to cancellation when a voter fails to respond to an address confirmation and then fails to vote or correct the registration record during the next two general federal elections.  52 U.S.C. § 20507(d)(1)(B).  Registrations pending removal during this period are typically referred to as "inactive."  Inactive registrations may still be voted on election day.  52 U.S.C. § 20507(d)(2)(A).  Data concerning such registrations must be reported to the EAC.[5]  "Not only are States allowed to remove registrants who satisfy these requirements, but federal law makes this removal mandatory."  *Husted v. A. Philip Randolph Inst.*, 138 S. Ct. 1833, 1841-42 (2018).  A high number of inactive registrations suggests that they are not being timely removed as required by federal law.

Judicial Watch also considers how many registrations were ultimately removed from the voter rolls because a registrant failed to respond to an address confirmation notice and then failed to vote during the NVRA's statutory waiting period.  If few or no voters were removed by means of this process, the jurisdiction is obviously failing to comply with Section 8(d) of the NVRA.  52 U.S.C. § 20507(d)(1).  States must report the number of such removals to the EAC.[6]

Our analysis of the data regarding Guilford County showed the following:

---

[3] 11 C.F.R. § 9428.7.

[4] EAC registration data is available publicly at https://www.eac.gov/research-and-data/election-administration-voting-survey/.    For the latest American Community Survey population and demographic data, *see* https://factfinder.census.gov/faces/nav/jsf/pages/index.xhtml

[5] 11 C.F.R. § 9428.7(b)(1), (2), & (4).

[6] 11 C.F.R. § 9428.7(b)(5); U.S. Election Assistance Commission, ELECTION ADMINISTRATION AND VOTING SURVEY: 2018 COMPREHENSIVE REPORT at 197 (survey question A9e), available at https://www.eac.gov/assets/1/6/2018_EAVS_Report.pdf.

425 Third St. SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: rpopper@JudicialWatch.org • www.JudicialWatch.org
Case 3:20-cv-00211-RJC-DCK    Document 1-2    Filed 04/09/20    Page 2 of 4

● The County has a total registration rate of 102%. To be clear, the number of voter registrations exceeds the number of citizens in the County who are old enough to register to vote.

● There are about 72,000 inactive voter registrations on the County's rolls, or about one out of every five registrations.

● The County reported removing only about 3400 voter registrations per year in the last reporting period on the grounds that the registrants failed to respond to an address confirmation notice and failed to vote in two consecutive federal elections. This is a very low number of removals for a county of this size.

These facts establish clear violations of Section 8(a)(4) of the NVRA.

\* \* \* \* \* \* \*

Pursuant to 52 U.S.C. § 20510(b)(2), if the foregoing violations are not corrected within 90 days of your receiving this letter, Judicial Watch and those on whose behalf it has sent this letter may commence an action against you in federal court. Please contact us about your plans for correcting these violations. In particular, please set forth in such communication:

● Whether you agree that the EAC accurately quoted data it received from you regarding the number of registrations you removed under the process set forth in Section 8(d) of the NVRA during the last two-year reporting period. If you believe the data reported was not accurate, please let us know your own estimates regarding these numbers.

● Your explanation regarding the County's registration rate discussed above.

● A description of the State's and the County's programs for sending address confirmation notices described in 52 U.S.C. § 20507(d)(2) to those who are believed to have moved.

● A description of the State's and the County's programs for complying with the other voter list maintenance requirements of the NVRA, including all requirements to remove the registrations of those who have died or have otherwise become ineligible to register or vote.

● Documents supporting your accounts of the foregoing explanations and descriptions.

● A description of your plan to remedy any noncompliance with the voter list maintenance requirements of the NVRA, including 52 U.S.C. § 20507(a)(4) and (d).

I hope the concerns identified in this letter can be resolved amicably. We have a track record of resolving NVRA claims on reasonable terms. However, if you do not contact us about correcting or otherwise resolving the above-identified problems within 90 days, a federal lawsuit

425 Third St. SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: rpopper@JudicialWatch.org • www.JudicialWatch.org
Case 3:20-cv-00211-RJC-DCK   Document 1-2   Filed 04/09/20   Page 3 of 4

seeking declaratory and injunctive relief against both of you in your official capacities may be necessary.  In such a lawsuit we would seek, in addition to injunctive relief, a judgment awarding reasonable attorney fees, expenses, and costs.  *See* 52 U.S.C. § 20510(c).  For the reasons set forth above, we believe that such a lawsuit would be very likely to succeed.

     We look forward to receiving your prompt response.

Sincerely,

**JUDICIAL WATCH, INC.**

*s/ Robert D. Popper*

Robert D. Popper
Attorney, Judicial Watch, Inc.

425 Third St. SW, Suite 800, Washington, DC 20024 • Tel: (202) 646-5172 or 1-888-593-8442
FAX: (202) 646-5199 • Email: rpopper@JudicialWatch.org • www.JudicialWatch.org