**NORTH CAROLINA**
**STATE BOARD OF ELECTIONS**

*Mailing Address:*
P.O. Box 27255, Raleigh, NC 27611

(919) 814-0700 or
(866) 522-4723

*Fax:* (919) 715-0135

March 18, 2020

*VIA ELECTRONIC MAIL*

Robert Popper
Attorney, Judicial Watch
rpopper@JudicialWatch.org

Re:     Notice letter alleging violations under the National Voter Registration Act of 1993
         (NVRA) and request for public records

Dear Mr. Popper,

On December 19, 2019, the North Carolina State Board of Elections ("State Board") received letters from you alleging that the Mecklenburg and Guilford County Boards of Elections fail to maintain a program to reasonably ensure ineligible voters are removed from the voter rolls. Specifically, you contend that these counties maintain more registered voters than adult citizens, which you take as evidence of noncompliance with federal law.

North Carolina's list maintenance procedures are governed by state law, which complies with the National Voter Registration Act ("NVRA") and other federal laws. North Carolina General Statute § 163-82.14 outlines the requirements for performing list maintenance. The program must be uniform, nondiscriminatory, and comply with federal law. It shall make diligent efforts "not less than twice each year: (1) To remove the names of ineligible voters from the official lists of eligible voters, and (2) To update the addresses and other necessary data of persons who remain on the official lists of eligible voters." As required, our office conducts list maintenance based on these criteria and as otherwise outlined in this section.

My office takes seriously its mandates and obligations under the NVRA. At present, however, you have failed to allege a factual basis that, if true, would constitute a violation of state or federal list maintenance requirements. List maintenance occurs based on the uniform, nondiscriminatory criteria in G.S. § 163-82.14, outlined above. Some counties have higher transient populations than others, including those with significant numbers of college students, and therefore it is not unusual that they may have a higher percentage of registered voters than other counties. This does not mean that required list maintenance is not occurring. Also, the NVRA does not permit a state to immediately remove a voter who has moved out of the county absent notice from the voter. If the voter fails to provide notice that they have moved, the voter will eventually be placed in "inactive" status if they fail to respond to a confirmation notice after not having had any contact with the board of elections for two federal election cycles. A voter in inactive status

may vote but will be asked to confirm their address if they go to the polls. The voter will be removed from the rolls after two additional federal election cycles with no contact with the board of elections.

Your letters do not provide sufficient detail to determine whether their analysis is accurate. Based on what we could surmise from the limited information provided, however, we have several concerns that the analysis relied on outdated, inaccurate data. First, it appears that the datasets compared were from different years: one set from 2017 and the other from more than a year later in 2018. The voter registration data you used appear to be from the 2018 EAVES Survey, while the census estimates relied on were from the U.S. Census Bureau's 2017 American Community Survey 5-Year estimate of Citizen Voting Age Population. Second, the U.S. Census indicates that the EAVES Survey has a margin of error; this is not accounted for in your analysis. Third, the EAVES Survey includes Uniformed and Overseas Civilian Absentee Mail Voters, who may not be included in the census data.

If you discover information indicating noncompliance with the above listed requirements, please forward them to the State Board office. At this time, however, the analysis you provided does not provide information that indicates a violation has occurred.

Sincerely,

Karen Brinson Bell
Executive Director